IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE L. WORTHAM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-1696-L-BK |
| | § | |
| CHRIS HANSEN LAB INC., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On May 7, 2014, Plaintiff filed a *pro se Petition for Writ of Certiorari to the United States Court of Appeals for the Northern Circuit* against Defendant Chris Hansen Lab, Inc. [Doc. 1 at 1-3]. Apart from his signature, Plaintiff does not state any allegations in support of his petition for writ of certiorari. He includes 100 pages of attachments, consisting of copies of federal civil and appellate rules, pleadings and forms from this and other courts, and copies of the local civil and criminal rules. [Doc. 1 at 4-104].

This is not Plaintiff's first action. This Court previously dismissed as frivolous a complaint against Defendant Chris Hansen Lab because it consisted of only a "hodgepodge of inconsistent ramblings." *Wortham v. Chris Hansen Lab Inc.*, No. 3:10-CV-2079-P, 2010 WL 4924764 *1-2 (N.D. Tex. (Oct. 19, 2010) (Kaplan, MJ), Order Accepting Magistrate Judge's Findings, 2010 WL 4924758 (N.D. Tex. 13Nov. 29, 2010) (Solis, J). Likewise, the United States

District Court for the Eastern District of Wisconsin dismissed a similar request for writ of certiorari against Defendant Chris Hansen Lab (in a fee paid action) for lack of jurisdiction because it could not decipher any cognizable cause of action over which it might have jurisdiction.  See *Wortham v. Chr. Hansen, Inc.,* No. 2:12-CV-0914 (E.D. Wis. 2012), *aff'd*, 543 Fed.Appx. 597, 598 (7th Cir. 2013).  In the early 1990s, Plaintiff twice sued Defendant Chris Hansen Lab for wrongful termination, and the United States Court of Appeals for the Seventh Circuit affirmed the dismissal of his second action as frivolous because Plaintiff had failed to allege any "comprehensible allegations" from which the court could discern any factual or legal basis.  See *Wortham v. Chris Hansen lab, Inc.*, 48 F.3d 1222 (Table), 1995 WL 94918 at *1 (7th Cir. Mar. 6, 1995).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's complaint with all possible deference due a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are

held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's request for a writ of certiorari is legally and factually frivolous.  Plaintiff does not present a logical set of facts to support any claim for relief.  Accordingly, Plaintiff's contention is clearly baseless and his complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  See [Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)](#) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

Because Plaintiff previously filed at three civil actions, which were dismissed as frivolous or for want of jurisdiction, he should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action.  See [FED. R. CIV. P. 11(b)(2) and (c)(1)](#) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  [Mendoza v. Lynaugh, 989 F.2d 191, 195-97 (5th Cir. 1993)](#); *see also* [Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 802-03 (5th Cir. 2003)](#) (a violation of any provision of [Rule 11(b)](#) justifies sanctions).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are

not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED May 14, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE